**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**COREY DELMAR SMITH**                                                 **PETITIONER**

**v.**                                                     **ACTION NO. 3:18-CR-00077-GHD-RP**

**UNITED STATES OF AMERICA**                                 **RESPONDENT**

**OPINION DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT A SENTENCE UNDER 28 U.S.C. § 2255**

This matter comes before the Court on the Motion of Petitioner Corey Delmar Smith to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [58], along with his Amended Motion [60] and Second Amended Motion [61]. For the reasons stated herein, the Petitioner's Motion shall be denied.

**I.**        **Factual and Procedural Background**

On June 20, 2018, the Government filed its Indictment against the Petitioner, charging him on fifteen Counts [1]. On October 12, 2018, the Petitioner filed a Motion to Suppress in which he argued that his arrest stemmed from an illegal detention and search [10, at ¶ 22]. He further argued that his arrest was in violation of the Mississippi Constitution and the Fourth Amendment of the U.S. Constitution because his arrest was not supported by probable cause or an arrest warrant [*Id.*, at ¶ 23]. The Government filed its Response to this Motion on October 23, 2018 [18].

Following an evidentiary hearing, the Court issued an Order [22] and Opinion [23] denying the Petitioner's Motion to Suppress on November 27, 2018. First, the Court concluded

that the officer who arrested the Petitioner had reasonable suspicion to prolong the stop after he stopped the Petitioner's vehicle on suspicion of a license plate violation [*Id.*, at 8]. The Court noted that prolonging the stop was permissible in light of the significant inconsistent statements made by the Petitioner and those traveling in the car with him, and the location of the stop on I-55, a major interstate highway that is commonly used by criminals transporting contraband [*Id.*, at 9]. Next, the Court concluded that an alert from a canine unit was unprompted by the officer handling it and provided probable cause for the officer to search the Petitioner's vehicle [*Id.*, at 9-12]

On December 10, 2018, the Government filed a Plea Agreement signed by the Petitioner on December 3, 2018 [26]. In it, the Petitioner agreed to enter a conditional plea of guilty under oath to Counts One and Four of the Indictment [26, at 1]. Count One charged the Petitioner with possession of five or more identification documents with intent to defraud and Count Four charged him with aggravated identity theft [*Id.*]. In the Plea Agreement, the Government agreed not to charge the Petitioner with any other offenses arising from those charges and to dismiss the other Counts in the Indictment [*Id.*]. As part of the conditional aspect of the Plea Agreement, the Petitioner reserved the right to appeal this Court's ruling denying his Motion to Suppress [*Id.*, at n. 1]. The dismissal of the remaining Counts in the Indictment was also conditional, in that if the denial of the Petitioner's Motion to Suppress were to be overturned on appeal, then the remaining Counts of the Indictment would be reinstated [*Id.*, at 2].

On April 18, 2019, the Court imposed its Judgment on the Petitioner, sentencing him to be imprisoned for a term of 36 months and to be supervised upon his release for a term of three years [43, at 1-3].

On May 20, 2019, the Petitioner filed with this Court his Notice of Appeal to the United States Court of Appeals for the Fifth Circuit [45].

On March 26, 2020, the Petitioner filed a second Motion to Suppress, arguing as a *pro se* litigant that the stop and warrantless search of his vehicle violated the Fourth Amendment and declaring his innocence of the Counts charged in the Indictment [50, at 5].

On April 3, 2020, the Fifth Circuit Court of Appeals issued its Judgment in the case, in which it affirmed the Judgment of this Court [51]. As that Court noted, the Petitioner presented three arguments in his Appeal: that the arresting officer unreasonably prolonged the stop by continuing to question the Petitioner and his passengers; that after eight minutes, the officer had no reasonable suspicion to extend the stop further; and that the officer unreasonably extended the stop by waiting approximately ten minutes to deploy the canine unit after beginning the narcotics investigation [51-1, at 5]. That Court found none of these arguments convincing [*Id.*], and concluded that the officer's actions were reasonable at each point in the timeline of the incident [*Id.*, at 7-12].

On July 30, 2020, the Petitioner filed an Amended Motion to Suppress [52]. On December 8, 2020, this Court issued an Order denying the Petitioner's *pro se* Motions to Suppress [55], noting that these Motions "essentially seek to appeal to this Court the United States Court of Appeals for the Fifth Circuit's affirmance of this Court's denial" of the Petitioner's initial Motion to Suppress [*Id.*]. "Because the Fifth Circuit has ruled, and this Court does not sit in appellate review of the Fifth Circuit," the Petitioner's Motions were denied [*Id.*].

On February 21, 2021, the Petitioner executed the Motion to Vacate *sub judice*; it was filed on February 26 of that year [58]. On April 1, 2021, the Petitioner executed an amended version of this Motion, which was filed on April 6, 2021 [60], and a second amended version on

3

April 6, 2021, which was filed on April 12 [61]. In this second amended version, the Petitioner argues that the Government failed to prove that he had violated 18 U.S.C. § 1028(a)(3) [*Id.*, at 4]. He further argues that the Government failed to prove that the Petitioner knew the genuine identification he possessed violated 18 U.S.C. § 1028(a)(1) [*Id.*, at 5]. The Petitioner also contends that vacatur is warranted because the officer failed to obtain a warrant prior to searching the personal items in the Petitioner's vehicle [*Id.*, at 6], an envelope found in the vehicle [*Id.*, at 11], and the vehicle itself [*Id.*, at 14]. He also argues that the officer lacked probable cause to stop Petitioner for a traffic violation [*Id.*, at 8]. Likewise, the Petitioner contends that the Government convicted him on a defective indictment, arguing that the Prosecutor acted in bad faith by offering him a plea agreement to an indictment that had been constructively amended, in so far as the Government changed the language in the indictment to include the term "genuine identification" [*Id.*, at 12].

On June 9, 2022, the Court ordered the Government to respond to the Petitioner's Motion [65]. On July 11, the Government did so by filing its Response [66]. On July 18, 2022, the Petitioner executed his Reply, which was filed on July 20, 2022 [67].

The matter is now ready for review.

## II.　　**Legal Standards**

The relevant statute in this area of the law allows an inmate serving a sentence after conviction of a federal crime to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 22255(a). The inmate may support such a motion by arguing that (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction when it imposed its sentence; (3) that the sentence exceeded the maximum authorized by law; or (4) that the sentence is "otherwise subject

4

to collateral attack." *Id.* If an inmate does not contend that there was a constitutional or jurisdictional problem with his sentence, he can still succeed on his motion by arguing that there was an error that constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The petitioner bears the burden of establishing his claims by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). After conducting a preliminary review of a § 2255 motion, a district judge must dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings. On the other hand, if the motion raises a non-frivolous claim to relief, the court must order the Government to take appropriate action, usually by filing a response. *Id.* If good cause is shown, the court has the power to authorize limited discovery. Rules 6-7 of the Rules Governing Section 2255 Proceedings. After reviewing the Government's response and any other additional materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rule 8 of the Rules Governing Section 2255 Proceedings. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Similarly, an evidentiary hearing is unnecessary if the prisoner does not produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

In cases involving certain structural errors, judicial relief would follow automatically after the errors have been proven. *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir. 2003). In contrast, some errors are harmless and warrant no relief, while others would result in relief

5

only if they had "substantial and injurious effect or influence" in determining the outcome of the prisoner's case. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993). If a court finds that a prisoner is entitled to relief, then it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Motions filed under this statute are subject to a one-year limitation period. 28 U.S.C. § 2255(f). The clock starts for this statute of limitations from the latest of four possible options:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f)(1-4).

The Supreme Court has held that "[f]or the purpose of starting the clock on § 2255's one-year limitation period… a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. U.S.*, 537 U.S. 522, 525 (2003). "Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Id.* at 527.

After conviction and exhaustion or waiver of any right to appeal, the Court is entitled to presume a defendant to be fairly and finally convicted. *See U.S. v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Thus, a post-conviction petitioner can only challenge his conviction on constitutional or jurisdictional grounds and may not raise an issue for the first time on collateral

6

review without showing "cause" for his procedural default in not raising the issue earlier and "actual prejudice" resulting from the error. *Id.*

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). "And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. U.S.*, 523 U.S. 614, 621 (1998). In short, a petitioner is procedurally defaulted from presenting a claim upon collateral review if they failed to present this same claim on direct review through the ordinary appellate process. *Id.* at 622. However, even in such a circumstance, the claim can still be presented on habeas if the defendant first demonstrates either his actual innocence or "cause" and actual "prejudice." *Id.*

### III. Analysis and Application

The Petitioner bases his Motion on seven grounds, none of which were argued on direct appeal [61]. In his Motion, he admits that the decision not to appeal or raise these issues on direct review was a matter of strategy [61]. Thus, his claims here are procedurally defaulted unless the Petitioner presents "cause" and "actual prejudice," as noted above. The Petitioner fails to do so in his Motion; in his Reply, he argues that his claims are not barred and cites *Gambino v. United States*, a 1927 Supreme Court case, as support [67]. However, *Gambino* is inapposite. In that case, the Supreme Court specified that the petitioner "moved seasonably, in advance of the trial and again later, for the suppression of the liquor as evidence and for its return, on the ground that the arrest, the search, and the seizure were without a warrant and without probable cause, in violation of the Fourth, Fifth, and Sixth Amendments of the federal

7

Constitution." *Gambino v. United States*, 275 U.S. 310, 313 (1927). The petitioner in that case thereby preserved their argument by presenting it ahead of trial and after the fact. In contrast, the Petitioner in the case *sub judice* did not present his claims because, in his words, his attorney's "strategy was to argue the Fourth Amendment prohibited the extension of the initial traffic stop" [61]. Thus, the Petitioner's claims are defaulted and his Motion should be denied for this reason.

To the extent that the Petitioner is attempting an argument saying that these issues were implicitly presented during his appeal, this would be unavailing as well. As the Fifth Circuit Court of Appeals noted, the Petitioner conceded that the arresting officer had reasonable suspicion to pull him over, and that therefore the initial stop was legal [51-1, at 7]. The Petitioner's claims regarding the warrantless search of the vehicle and its content are equally flawed because a warrant is not necessary if there is probable cause to search the vehicle. *See Carroll v. United States*, 267 U.S. 132, 155-56 (1925) *and U.S. v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006). Since the Fifth Circuit Court of Appeals found that the officer did have probable cause to search the Petitioner's vehicle [51-1, at 3], the Petitioner's claims about the lack of a warrant are meritless.

Finally, the Petitioner's "lack of proof" arguments flounder as well. The Government presented a factual basis for its charges, the Petitioner agreed under oath that the factual basis was true and correct, and then he pled guilty to the Counts for which he was charged. The Government was under no obligation beyond this to "prove" its case in light of the Petitioner's signed plea agreement, and therefore the Petitioner's argument on "proof" fails. Likewise, the Petitioner's claim regarding the wording of the Indictment is immaterial; the language used was to explain the circumstances of the charge and alleged crime, not to quote from the statute.

8

## IV.    Conclusion

For the reasons stated above, the Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence Under 28 U.S.C. § 2255 [58; 60; 61] shall be denied. An Order in accordance with this Opinion shall issue this day.

THIS, the __1st_ day of August, 2022.

_____
SENIOR U.S. DISTRICT JUDGE